**BARDSLEY LAW, LLC**
By: Pamela J. Devine, Esquire – Attorney ID No. PA 76840
1235 Westlakes Drive, Suite 130
Berwyn, PA 19312
Telephone:  610-291-0389
Fax:             610-934-2719
 Email:       pdevine@bardsleylawfirm.com
Attorneys for Plaintiff William Dwyer

| | | |
|---|---|---|
| WILLIAM DWYER<br>262 Salisbury Street<br>Port Charlotte, FL 33954<br><br>              v.<br><br>LAW OFFICES OF GREGORY P. LAMONICA, P.C. D/B/A LAMONICA LAW<br>341 West State Street<br>Media, PA  19063<br><br>              and<br><br>LAWRENCE WELSH<br>341 West State Street<br>Media, PA  19063 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION NO. |

## COMPLAINT

William Dwyer (hereinafter "Plaintiff"), by and through his undersigned counsel initiates this civil action against Law Offices of Gregory P. Lamonica, P.C. d/b/a Lamonica Law (hereinafter sometimes referred to as "Lamonica Law") and its employee Lawrence Welsh, Esquire ("Attorney Welsh") for professional legal malpractice and breach of contract, and in support thereof avers as follows:

**Parties**

1. Plaintiff, William Dwyer is an adult individual and citizen of Florida presently residing at 262 Salisbury Street, Port Charlotte, Florida 33954.

2. Defendant, Attorney Welsh is a licensed attorney in Pennsylvania whose business

address is 341 West State Street, Media, Pennsylvania 19063.

3. Defendant, Law Offices of Gregory P. Lamonica, P.C. d/b/a Lamonica Law is a law firm formed and registered in Pennsylvania with the above-listed address.

4. Lamonica Law holds itself out as offering the best family law attorneys in Pennsylvania.

5. At all times material hereto, defendant, Attorney Welsh was an employee of Lamonica Law working in the course and scope of his employment providing legal services to its clients, such as William Dwyer.

6. As the employer of Attorney Welsh, Lamonica Law is vicariously liable for the acts or omissions of its employees such as Attorney Welsh.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over the Defendants with respect to this action.

8. The court has personal jurisdiction over the Defendants.

9. Venue is appropriate in the United States District Court for the Eastern District of Pennsylvania because the defendants reside within the District, and a substantial part of the events or omissions giving rise to the claim occurred within the District.

10. This action is brought as a diversity jurisdiction action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is compete diversity of citizenship as Plaintiff is a resident of Florida and the Defendants are residents of Pennsylvania.

**Facts**

**A.   Attorney-Client Relationship**

11. In approximately 2020, Lamonica Law and Attorney Welsh were engaged to

represent William Dwyer and they were performing legal services for William Dwyer in connection with his divorce through approximately April of 2022.

12.  In the course of their legal representation of William Dwyer based on their attorney-client relationship, Attorney Welsh and Lamonica Law owed a duty to William Dwyer to provide legal services and advice consistent with the ordinary skill, knowledge and care that is ordinarily had and exercised in the legal profession.

13.  Attorney Welsh and Lamonica Law in fact charged and received compensation from William Dwyer for their legal services and advice, including for legal advice with respect to the handling of William Dwyer's divorce action.

**B.     William Dwyer's Reliance on Deficient Legal Advice**

14.  Attorney Welsh failed to complete discovery, failed to reissue certain subpoenas that had been quashed and agreed to participate in a settlement conference prematurely.

15.  Prior to the settlement conference, Attorney Welsh failed to provide plaintiff William Dwyer with the discovery that had been obtained.

16.  Attorney Welsh failed to adequately prepare for the settlement conference and failed to provide proper legal advice concerning the value of the wife's assets and her share of the marital estate.

17.  Namely, attorney Welsh failed to add growth value to the wife's asserts.

18.  Attorney Welsh failed to investigate a Wells Fargo account, when the wife claimed that she had been scammed out of certain of her investments.

19.  Attorney Welsh failed to request and obtain documentation to confirm the wife's contention that she had lost certain investments.

20.  Attorney Welsh failed to request and obtain certain documentation to confirm the

wife's claimed expenses on the maintenance of the marital residence.

21. Attorney Welsh failed to take into consideration a prior agreement that wife was required to pay for rental value of living in the marital home.

22. Upon information and belief, to create confusion and duress, on the morning of the February 23, 2022 mediation conference, Attorney Welsh neglected to provide plaintiff, Dwyer the remote invitation to the conference which was supposed to start at 9:30 a.m., until about 11:59 a.m.

23. Attorney Welsh failed to make certain settlement offers as directed by plaintiff, Dwyer.

24. Instead, upon information and belief, to cover up his lack of effort and negligence in handling the divorce matter, Attorney Welsh yelled at and convinced plaintiff Dwyer to agree to a certain settlement and threatened if he did not agree to the number that the wife demanded that plaintiff, Dwyer would have to pay to the Wife greater than $600,000.00 if the case proceeded to Court.

25. Attorney Welsh misrepresented the financial information that was taken into account in the settlement amount such as growth value and rental payments, and he knew plaintiff, Dwyer relied on his misrepresentations insomuch as plaintiff Dwyer was directed to agree to a settlement amount that his wife demanded during the mediation.

26. Attorney Welsh further directed plaintiff Dwyer to only answer "yes" or "no" during a colloquy before the Settlement Master.

27. Soon thereafter, William Dwyer advised Attorney Welsh that he needed to include the terms for rental value and growth value in the settlement.

28. On February 24, 2022, the day after the hearing before the Settlement Master,

plaintiff Dwyer advised Attorney Welsh that he rescinded the offer that was given the day prior, however, Attorney Welsh informed him that there was nothing that could be done.

29. Attorney Welsh refused to include the settlement terms requested by William Dwyer.

30. Likewise, Attorney Welsh failed to devise settlement terms to protect William Dwyer.

31. Attorney Welsh improperly included a post-separation contribution made by plaintiff, William Dwyer in the wife's distribution.

32. It had become evident to plaintiff, Dwyer that Attorney Welsh had attempted to conceal the fact that he failed to actually complete discovery, that he failed to investigate the value of the wife's assets and failed to have a correct understanding of the marital estate.

33. Accordingly, Attorney Welsh was completely handicapped in being able to offer sounds legal advice to William Dwyer at the time of the settlement conference.

34. Moreover, it was evident that Attorney Welsh failed to advocate for plaintiff, Dwyer.

35. As a direct and proximate result of Attorney Welsh's failure to give sound legal advice to William Dwyer lost in excess of $200,000.00.

**COUNT I - PLAINTIFF V. LAWRENCE WELSH, ESQUIRE**
**PROFESSIONAL NEGLIGENCE**

36. Plaintiff incorporates the above paragraphs of its Complaint as though set forth fully and at length herein.

37. Defendant, Welsh owed Plaintiff, William Dwyer a duty of care.

38. Defendant, Welsh breached the duty of care owed to Plaintiff, William Dwyer in failing to exercise ordinary care, skill and knowledge in rendering legal services to Plaintiff.

39. Defendant, Welsh failed to meet the standard of care by failing to properly advise Plaintiff, William Dwyer with respect to the settlement of his divorce action.

40. Defendant, Welsh's negligence included failing to evaluate and advise Dwyer as to the risks associated with entered into a settlement agreement without having completed discovery.

41. Defendant, Welsh's negligence included failure to review and evaluate the wife's marital assets, or include growth value in same.

42. Defendant, Welsh's negligence also included concealing material information and insisting that plaintiff, Dwyer accept a settlement amount when attorney Welsh knew that he had not completed discovery and when he failed to include terms requested by plaintiff, Dwyer.

43. Defendant, Welsh's aforesaid acts and omissions were the proximate cause behind the aforesaid injuries and damages to Plaintiff.

44. As a direct and proximate result of the Defendant, Welsh's negligent conduct and breach of his duty of care, plaintiff, William Dwyer incurred and suffered damages in connection with the settlement of his divorce action.

45. As a direct and proximate result of the Defendant, Welsh's negligent conduct and breach of his duty of care, plaintiff, William Dwyer incurred and suffered damages in having to pay to his ex-wife excessive amounts of the marital estate in excess of $200,000.00.

**WHEREFORE**, plaintiff William Dwyer demands judgment in his favor against Defendants, Lawrence Welsh and Law Offices of Gregory P. Lamonica in an amount in excess of $200,000.00, plus fees, costs and any other relief that this Honorable Court may deem appropriate.

## COUNT II - PLAINTIFF V. LAW OFFICES OF GREGORY P. LAMONICA
## PROFESSIONAL NEGLIGENCE (Vicarious Liability)

46. Plaintiff incorporates the above paragraphs of his Complaint as though set forth fully and at length herein.

47. Defendant, Law Offices of Gregory P. Lamonica, P.C. is liable for the acts and omissions of Lawrence Welsh, Esquire who was acting in the course and scope of his employment at all times material hereto.

48. Defendant, Law Offices of Gregory P. Lamonica, P.C. owed Plaintiff, William Dwyer a duty of care.

49. Defendant, Law Offices of Gregory P. Lamonica, P.C. breached the duty of care owed to Plaintiff, William Dwyer in failing to exercise ordinary care, skill and knowledge in rendering legal services to Plaintiff.

50. Defendant, Law Offices of Gregory P. Lamonica, P.C. failed to meet the standard of care by failing to properly advise Plaintiff with respect to the settlement of his divorce action.

51. Defendant, Law Offices of Gregory P. Lamonica, P.C.'s negligence included failing to evaluate and advise William Dwyer as to the risks associated with the amount of the settlement that he insisted that William Dwyer agree to.

52. Defendant, Law Offices of Gregory P. Lamonica, P.C. negligence included failure to complete the subpoenaing of financial records of Celeste Dwyer.

53. Defendant, Law Offices of Gregory P. Lamonica, P.C.'s negligence also included failure to realize and apprise their client that certain payments to Dwyer should have been included in the settlement.

54. Defendant, Law Offices of Gregory P. Lamonica, P.C.'s aforesaid acts and omissions were the proximate cause behind the aforesaid injuries and damages to Plaintiff.

55. As a direct and proximate result of the Defendants' negligent conduct and breach of their duty of care, plaintiff, William Dwyer incurred and suffered damages, harm and losses in connection with having to pay excessive marital estate funds to Celeste Dwyer.

56. As a direct and proximate result of the Defendants' negligent conduct and breach of their duty of care, plaintiff, William Dwyer incurred and suffered damages in an amount in excess of $200,000.00.

**WHEREFORE**, plaintiff William Dwyer demands judgment against Defendants, Lawrence Welsh and The Law Offices of Gregory P. Lamonica, P.C. in an amount in excess of $200,000.00, plus fees, costs and any other relief that this Honorable Court may deem appropriate.

**COUNT III - PLAINTIFF V. ALL DEFENDANTS**
**BREACH OF CONTRACT**

57. Plaintiff incorporates the above paragraphs as though set forth at length herein.

58. Plaintiff entered into a written agreement with Law Offices of Gregory P. Lamonica, P.C. in 2020 pursuant to which Law Offices of Gregory P. Lamonica, P.C. agreed to provide legal services to William Dwyer which included family law services in connection with his Chester County divorce proceeding.

59. Plaintiff is unable to locate the signed agreement, but upon information and belief Law Offices of Gregory P. Lamonica, P.C. is in possession of any agreement entered into with Plaintiff.

60. Pursuant to its agreement, Law Offices of Gregory P. Lamonica, P.C. was required to provide sound legal advice to plaintiff, William Dwyer.

61. Defendant, Law Offices of Gregory P. Lamonica, P.C. breached its agreement by failing to provide sound legal advice to plaintiff, William Dwyer in connection with the terms of

the divorce settlement.

62. As a result of defendant, Law Offices of Gregory P. Lamonica, P.C.'s breach of contract, plaintiff, William Dwyer sustained damages in excess of $200,000.00.

**WHEREFORE**, plaintiff William Dwyer demands judgment against Defendants, Lawrence Welsh and Law Offices of Gregory P. Lamonica, P.C. in an amount in excess of $200,000.00, plus fees, costs and any other relief that this Honorable Court may deem appropriate.

**Bardsley Law, LLC**

By: *Pamela J. Devine*

Pamela J. Devine, Esquire
Attorneys for Plaintiff

## VERIFICATION

I, William Dwyer, verify that the factual statements contained in the foregoing Complaint are true and correct to the best of my present knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
William Dwyer

6-16-23
_____
Date